## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

VICTOR BUSTAMANTE :
103-24 32nd Avenue :
Elmhurst, New York 11373 :
    and :
FREDDY BUSTAMANTE :
103-24 32nd Avenue :
Elmhurst, New York 11373 :
    :
    Plaintiff, :
    v. :
    :
ELLIOT TAMIR :
99 John Street, Suite 2106 :
New York, New York 10038 :
    and :
PARKING MGMT. LLC :
99 John Street, Suite 2106 :
New York, New York 10038 :
    :
    Defendants. :

CASE NO.  *07-3721*

**CIVIL ACTION**

**JURY TRIAL DEMANDED**

### CIVIL ACTION COMPLAINT

Plaintiffs, by and through their undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.    This action has been initiated by Victor Bustamante and Freddy Bustamante

(hereinafter referred to as "Plaintiffs," unless indicated otherwise) for violations of the Fair Labor

Standards Act ("FLSA") and for violations of the New York Labor Law(s). Plaintiffs assert that the

above-captioned Defendants (hereinafter referred to collectively as "Defendants," unless indicated

otherwise) intentionally failed to pay them overtime compensation. As a result of these violations,

Plaintiffs seek damages as set forth herein.

2.    This cause of action is brought by Plaintiffs to obtain damages arising from a

scheme devised, conducted and/or participated in by each Defendant, their employees and associates, directly or indirectly, to engage in a conspiracy to wrongfully and unlawfully withhold and fail to pay wages earned by Plaintiffs.

## JURISDICTION AND VENUE

3.     The instant action is initiated pursuant to violations of the Fair Labor Standards Act,  29 U.S.C. ¢ 201 *et. seq.*  This Court may properly maintain personal jurisdiction over all Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of such jurisdiction to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 32 U.S. 310 (1945) and its progeny.

4.     The United State District Court for the Southern District of New York may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of the federal laws and statute.

5.     This Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

6.     Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendant conducts substantial, systematic and continuous activity in this judicial district and because a substantial part and/or all of the actions alleged herein took place in this District.

## PARTIES

7.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in

full.

8.    Plaintiff Victor Bustamante is an adult individual with an address as set forth in the caption.

9.    Plaintiff Freddy Bustamante is an adult individual with an address as set forth in the caption.

10.    Defendant, Elliot Tamir, upon information and belief, is a resident of the state of New York and is the chairman and/or chief executive officer of co-defendant, Parking Mgmt. LLC, and owns, operates, and/or manages parking lots in New York.

11.    Defendant, Parking MGMT. LLC, upon information and belief, is a limited liability company organized under the laws of the state of New York, and  owns, operates, and/or manages parking lots in New York.

12.    Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

## FACTUAL BACKGROUD

13.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14.    Plaintiff Victor Bustamante worked for Defendants as a cashier and as a parking attendant from 1999 through March 2006.

15.    Plaintiff Freddy Bustamante worked for Defendants as a cashier and as a parking attendant for June 2004- November 2006.

16.    At all relevant times herein, Plaintiffs worked well over forty (40) hours per week for Defendants.

17.    At all times relevant herein, Plaintiffs were paid and managed by Defendant Parking Management LLC, which upon information and belief, was responsible for overseeing and paying employees of Defendants.

18.    At all time relevant herein, most, if not all of Defendant Parking MGMT LLC was owned, operated, and/or managed by Elliot Tamir.

19.    Plaintiffs were never compensated for any amount of overtime that they worked while employed by Defendants.

20.    Defendants were aware of their obligations to pay Plaintiffs overtime compensation for any amount of time that Plaintiffs worked over forty hours during any week.

21.    At all times relevant herein and upon information and belief, Plaintiffs were intentionally not paid overtime by Defendants who have engaged in a pattern and course of conduct to willfully avoid their overtime obligations.

**Count I**
**Violations of 29 U.S.C. § 201 *eq set.***
**(Fair Labor Standards Act (FLSA))**

22.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

23.    At all times relevant herein, Defendants have and continue to be an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203.

24.    At all times relevant herein, each Plaintiff was employed with Defendants as an "employee" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203.

25.    Plaintiffs consents to sue in this action pursuant to, Fair Labor Standards Act 29

U.S.C. § 216(b).

26.     The Fair Labor Standards Act requires covered employers, such as Defendants, to compensate all nonexempt employees at a rate not less than one and one-half times their regular rates of pay for all work performed in excess of 40 hours in a work week.

27.     Plaintiffs were not exempt from the requirement that Defendants must pay them overtime compensation under the Fair Labor Standards Act, and they are entitled to overtime compensation by Defendants.

28.     At all times relevant herein, Defendants have and continue to have a policy and practice of not paying their employees overtime compensation under the Fair Labor Standards Act.

29.     As a result of Defendants' failure to compensate Plaintiffs and other employees of Defendant at a rate not less than one and one-half times their regular rates of pay for all work performed in excess of 40 hours per workweek, Defendants have violated and continue to violate the Fair Labor Standards Act, 29 U.S.C. § 207.

30.     The foregoing conduct of Defendants, as alleged, constitutes willful violations of the Fair Labor Standards Act, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 255(a).

## Count II
### Violations of the 12 N.Y.C.R.R. § 137 *et seq.* and 142 *et seq.*
**(Violations of the New York Labor Laws and Regulations)**

31.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.     Defendants' actions as aforesaid violated N.Y. Comp.Codes R. & Regs. tit, 12, § 142-2.2 (2004) and New York State Labor Law §§ 190 *et. seq.* and 650 *et. seq.* (and supporting regulations and orders of the New York State Department of Labor).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of unlawfully failing to pay overtime to their employees and they are to be ordered to promulgate an effective policy against such an unlawful policy and to adhere thereto;

B. Defendants are to compensate Plaintiffs, reimburse Plaintiffs and make Plaintiffs whole for any and all pay and overtime compensation Plaintiffs would have received had it not been for Defendants' illegal actions;

C. Plaintiffs are to be awarded liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiffs are to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

E. Plaintiffs are to be awarded the costs and expenses of this action, prejudgment interest, and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiffs is to be molded by the Court to maximize the financial recovery available to Plaintiffs in light of the caps on certain damages set forth in applicable state and federal law;

G. Plaintiffs' claims are to receive a trial by jury to the extent allowed by applicable law Plaintiffs have also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & VIRANT**

Adam C. Virant, Esquire (AV5429)
140 Broadway
46th Floor
New York, NY 10005
(212) 929-6030 telephone
(212) 929-6123 facsimile

Dated: May 7, 2007