UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------x
VICTOR BUSTAMANTE
103-24 32nd Avenue                                           CASE NO: 07 CIV 3721
Elmhurst, New York 11373
        And
FREDDY BUSTAMANATE                              **ANSWER TO COMPLAINT**
103-24 32nd Avenue
Elmhurst, New York 11373

            Plaintiffs,
   -v-

ELLIOT TAMIR
99 John Street, Suite 2106
New York, New York 10038
        And
PARKING MGMT. LLC
99 John Street, Suite 2106
New York, New York 10038

            Defendants.
---------------------------------------------x

Defendants, Elliot Tamir and Parking Mgmt. LLC by and through there undersigned counsel, answer the Complaint filed in the above-captioned matter as follows:

1) Defendants admit only that Plaintiffs have purported to bring this action for monetary and declaratory relief under the Fair Labor Standards Act, (FLSA) 29 U.S.C. §201 et seq. Defendants deny that they have violated, in any way, the FLSA or New York State Labor Laws, or that Plaintiffs are entitled to any damages whatsoever. Defendants also deny any remaining allegations in Paragraph 1 of the Complaint.

2) Defendants admit only that Plaintiffs have purported to bring this action seeking relief under the cited provision of the FLSA. Defendants also deny that Plaintiffs have no

cause of action under any of the statutes cited or under any other federal, state or local law.

3) The allegations contained in Paragraph 3 of the Complaint are conclusions of Law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegation in Paragraph 3 is denied.

4) Defendants admit that the United States District Court for the Southern District of New York is an appropriate venue for this action.  Defendants deny however, that it engaged in any violation of law (or omissions of legally required measures) within the State of New York or within any other jurisdiction.

5) Defendants admit that the United States District Court maintains jurisdiction over state law claims but Defendants deny however that it engaged in any violation of State Law.

6) Defendants admit only that the Plaintiffs have purported to bring this action seeking relief under the FLSA.  Defendants deny that Plaintiffs have a cause of action under any of the statutes cited.

7) Defendants repeat and incorporate its response to each and every allegation in paragraphs 1 through 6 of the Complaint as if fully set forth herein.

8) Defendants admit that Victor Bustamante is an adult individual.

9) Defendants admit that Freddy Bustamante is an adult individual.

10) Defendants admit the allegations contained in paragraph 10.

11) Defendants admit the allegations contained in paragraph 11.

12) Defendants admit that Parking Mgmt. LLC is a limited liability company doing business in the State of New York.  Defendants further respond that the remaining allegations of

paragraph 12 state legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is required, the remaining allegations of paragraph 12 are denied.

13) Defendants repeat and incorporate its responses to each and every allegations' in paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14) Defendants' admit that the Plaintiff Victor Bustamante worked for the Defendant.

15) Defendants' admit that the Plaintiff Freddy Bustamante worked for the Defendant.

16) The allegations contained in paragraph 16 are denied.

17) The allegations contained in paragraph 17 are admitted.

18) The allegations contained in paragraph 18 are admitted.

19) The allegations contained in paragraph 19 are denied.

20)  Defendants admit that they are required to pay overtime compensation under the FLSA but deny the Plaintiffs were not paid the appropriate overtime compensation.

21) The allegations contained in paragraph are denied.

22) Defendants repeat and incorporate its responses to each and every allegation in paragraph 1 through 21 of the Complaint s if fully set forth herein.

23) The allegations contained in paragraph 23 are admitted.

24) The allegations contained in paragraph 24 are admitted.

25) The allegations in paragraph 25 are conclusions of law to which no pleading is required.

26) The allegations contained in paragraph 26 are admitted.

27) The allegations contained in paragraph 27 are denied.

28) The allegations contained in paragraph 28 are denied.

29) The allegations contained in paragraph 29 are denied.

30) The allegations contained in paragraph 30 are denied.

31) Defendants repeat and incorporate its responses to each and every allegations in paragraph 1 through 30 of the Complaint as if fully set forth herein.

32) The allegations contained in paragraph 32 are denied.

## RELIEF

As to the prayer for relief, Defendant denies that Plaintiffs are entitled to any of the requested relief that they seek in the Complaint or to any other relief, whatsoever. Defendant denies all other allegations in Plaintiffs Complaint that it has not specifically admitted or denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

No act or omission of Defendant that Plaintiffs allege violates the FLSA and/or applicable State Law was willful, knowing or in reckless disregard for the provisions of such laws.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claim are barred as to all hours allegedly worked of which Defendants lacked actual or constructive knowledge and therefore did not suffer or permit them to work.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim are barred, in whole or in part, by the doctrines of estoppels, accord and satisfaction, offset or payment.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent that they seek remedies beyond those provided by the FLSA and/or the applicable State Law.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' are not entitled to attorneys' fees, costs, expenses or liquidated damages for any claims made in their Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the time periods for which they are claiming entitlement to compensation and/or overtime pay were *de minimis* under the FLSA.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to any form of compensation or overtime pay for time spent performing activities covered by FLSA Section 203 (o) and the applicable State Law.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to any form of compensation or overtime spent performing activities that are "preliminary", "postliminary" or otherwise non-compensable under the Portal-to-Portal Act.

Defendants reserve the right to amend this Answer and add additional defenses as discovery or other procedural developments may warrant.

WHEREFORE, Defendants request that this Court dismiss the Complaint with prejudice and award Defendants its costs and attorneys' fees associated with the defense of this suit and all other appropriate relief.

Respectfully Submitted,

Kevin G. Jenkins
Attorney for Defendants
61 Broadway Suite 2500
New York, New York 10006
917-551-1300

Dated: July 23, 2007

**Certificate of Service**

Hector L. Bosa
40 Dongan Hills Avenue
Apt. 4B
Staten Island, NY 10306


Vontello D. Frost-Tucker
Equal Employment Opportunity Staff
U.S. Department of Justice
Justice Management Division
1425 New York Avenue, NW
Suite 1001
Washington, D.C. 20530


_____
Kevin G. Jenkins, Esq.

July 23, 2007